UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 393, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. |
| MLC CONSTRUCTION, a Missouri corporation, | ) ) ) | JUDGE |
| Defendant. | ) | |

## **COMPLAINT**

NOW COMES Plaintiff, Laborers' International Union of North America, Local No. 393, by and through its attorneys, Baum Sigman Auerbach & Neuman, Ltd., and complaining of the Defendant, MLC CONSTRUCTION, a Missouri corporation, and hereby alleges as follows:

1. The case involves the enforcement of an arbitration award rendered under the provisions of a collective bargaining agreement. Therefore, this Court has jurisdiction of the case pursuant to the Labor-Management Relations Act of 1947, Title III, Section 301, 29 U.S.C. §185(a), as amended.

2. Plaintiff, Laborers' International Union of North America, Local No. 393 (hereinafter referred to as "Local 393"), is, and at all times relevant hereto was, a voluntary association and labor organization engaged in representing employees for the purposes of collective bargaining in the State of Illinois. Local 393 maintains an office at 322 Main Street, Marseilles, Illinois 61341.

3. MLC Construction is a corporation organized and existing under the laws of the State of Missouri (hereinafter referred to as the "Defendant"). MLC Construction is a construction contractor and maintains an office located at 835 Progress Drive, Farmington, Missouri 63640.

4. At all times pertinent hereto, Local 393 and the Defendant have been parties to a collective bargaining agreement (hereinafter referred to as the "Agreement") negotiated between The Illinois Valley Contractors Association and Local Union #393 of the Great Plains Laborers' District Council, which specifies the wages, benefits and terms and conditions of employment applicable to employees who perform construction laborers' work within the geographical jurisdiction of Local 393. The Agreement applicable to the events involved in this Complaint was effective as of May 1, 2017 and expires April 30, 2020. A copy of that Agreement is attached to this Complaint.

5. Article XIII of the Agreement requires an employer to not subcontract or assign work performed at a jobsite to any contractor or subcontractor who is not party to the Agreement. Specifically, Article XIII states, in pertinent part, as follows (Ex. 1, p. 14):

**ARTICLE XIII**
**Sub-Contracting**

No Employer shall subcontract or assign any of the work described herein which is to be performed at the job site to any Contractor, subcontractor or other person or party who fails to sign this Agreement with the conditions of employment contained herein including, without limitations, those relating to Union security, rates of pay and working conditions, hiring, and other matters covered hereunder for the duration of this Agreement.

6. Article XIV of the Agreement requires a pre-job conference to be held at least 48 hours prior to the start, unless the local business representative and the employer agree that one is not required. Specifically, Article XIV states, in pertinent part, as follows (Ex. 1, p. 14):

## ARTICLE XIV
### Pre Job Conference

A pre-job conference shall be held at least forty-eight (48) hours prior to starting a job, unless the Local Business Representative and the Employer agree that one is not required; if a pre-job conference is held, the Illinois Valley Contractors Association shall be notified.

Should an Employer evade notifying the Union forty-eight (48) hours in advance of the date, time and place of such pre-job conference, said Employer will automatically forfeit his right to the grievance and arbitration procedure as outlined in this Agreement.

The Employer shall notify the Business Manager before starting to work.

7. From January 18, 2017 through January 26, 2017, MLC Construction violated the agreement at the Verizon Wireless Store project at Fairfield Lane and Etna Road in Ottawa, Illinois by subcontracting work to Bestucco, who is not a party to the Agreement.

8. On January 30, 2017, Plaintiff filed grievances against the Company for violating Articles XIII and XIV of the Agreement.

9. On June 29, 2017, the Negotiating Committee conducted a grievance hearing into the grievance brought by Local 393 against the Defendant. After consideration of all the evidence, the Negotiating Committee noted that the grievance hearing was scheduled and postponed several times at the Defendant's request, including the hearing scheduled for May 3, 2017, wherein the Defendant indicated a settlement had been reached and that there was no need to conduct the May 3, 2017 hearing. Since no settlement was entered into, the Negotiating Committee ruled in favor of the Plaintiff and against Defendant and awarded $19,753.80 in wages and $12,602.88 in fringe benefits, for a total of $32,356.68.

10. On September 25, 2017, the Business Manager of the Great Plaines Laborers' District Council informed the Defendant of the Negotiating Committee's decision and award and requested that the award in the total amount of $32,356.68 be paid within ten (10) working days.

11. On January 11, 2018, the Business Manager of Great Plaines Laborers' District Council sent a final notice to the Defendant regarding the Negotiating Committee's decision and award and again requested that the award be paid within ten (10) working days.

12. Despite repeated demands by Local 393, the Defendant has failed and refused to comply with the binding decision of the Negotiating Committee and has willfully, deliberately, without justification and in bad faith failed to comply with the award.

WHEREFORE, Local 393 prays:

A. That judgment be entered against the Defendant, MLC Construction, in favor of the Plaintiff, Local 393, Laborers' International Union of North America;

B. That the Defendant be ordered to comply fully with the terms of the arbitration award rendered by the Negotiating Committee, including the payment of $32,356.68 for the January 30, 2017 grievance;

C. That Local 393 be awarded its reasonable attorneys' fees and costs; and

D. That Local 393 be granted such other relief as this Court deems just and equitable.

/s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Brian C. Hlavin
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
Attorneys for Plaintiff
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com
I:\GPLDC\393\Missouri Land Constructors\complaint.cms.df.wpd

4